THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
GALVESTON DIVISION

| | | |
|---|---|---|
| **OSCAR BASDEN,** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-00258 |
| | § | |
| **ENTERPRISE PRODUCTS COMPANY** | § | JURY DEMANDED |
| *Defendant* | § | |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

### 1.  PRELIMINARY STATEMENT

1.1.    Plaintiff demands a jury for all issues triable to a jury.  This action seeks declaratory, injunctive, and equitable relief; compensatory, liquidated and actual damages; and costs and attorney's fees for the discrimination suffered by Plaintiff, OSCAR BASDEN (hereinafter "Basden" or "Plaintiff"), due to ENTERPRISE PRODUCTS COMPANY, (hereinafter "Defendant" or "Enterprise") taking adverse employment actions against him in violation of the Age Discrimination in Employment Act ("ADEA").

### 2.  JURISDICTION

2.1.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), and the Age Discrimination in Employment Act, 29 U.S.C. § 623.

2.2.    Jurisdiction is appropriate under the ADEA, Declaratory and injunctive relief is sought pursuant to 29 U.S.C. § 623

2.3.    Actual damages are sought pursuant to the ADEA.

2.4.    Liquidated and injunctive relief is sought pursuant to the ADEA.

## 3. VENUE

3.1.    Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because a

substantial part of the events or omissions giving rise to the claim occurred in Chambers

County which is in this judicial district and division.

## 4. PARTIES

4.1.    Plaintiff is an employee of Defendant and resides in Harris County, Highlands, Texas.

4.2.    Defendant is an employer qualified to do business in Texas and employs more than 500

regular employees. Defendant can be served by serving its registered agent, CT

Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

## 5. FACTS

5.1    Plaintiff is and eighty-year-old male who previously worked in the plant at Enterprise

Products Company as an Operator.

5.2    In October 2015, Plaintiff's supervisor, Mike Market, made an announcement that it had

been reported to him that Operators had been sleeping on the job.

5.3    On October 29, 2016, Mr. Market sent Plaintiff to get a physical fitness test.  His

reasoning for forcing Plaintiff to get the exam was that he was at a high risk of injury due

to his age.  Plaintiff failed two of the exercises in the exam, but a younger employee who

was retained was also unable to pass on the same exercises.

5.4    Mr. Market also made Plaintiff go to a doctor for a sleep test.  At no time during

Plaintiff's employment with the Defendant was he ever required to take a physical or

sleep test until 2016.

5.5    While in a training class on October 30, 2016, Mr. Market told Plaintiff that he couldn't

work at the Plant and that he had to go on disability.

2

5.6     Plaintiff has never asked for accommodations to perform his job or returned to work with restrictions. He was always able to perform the essential functions of his job.

5.7     Another employee of Defendant, Jack Henry, age 68, was also sent for the same tests and given the same restrictions by the company.

5.8     Plaintiff was the oldest employee in the Plant, and is unaware of any younger Operators that were subjected to the same tests.

5.9     Plaintiff believes that he was discriminated against in violation of The Age Discrimination in Employment Act of 1967 (ADEA).

## 6.  CAUSE OF ACTION

6.1.    *The Age Discrimination in Employment Act of 1967 (ADEA)* -  Based on the above facts, Defendant violated the ADEA when Defendant treated the Plaintiff differently than younger employees, Defendant changed the terms and conditions of Plaintiff's employment because of his age, and Defendant took actions that adversely affected the status of Plaintiff's employment.

## 7.  DAMAGES

7.1     As a direct and proximate cause of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including but not limited to:

7.1.1.    Loss of wages and benefits, including front pay and back pay,

7.1.2.    Mental anguish and emotional distress,

7.1.3.    Sustained damage to Plaintiff's credibility, and

7.1.4.    Sustained damage to Plaintiff's prospects for future employment.

## 8. **ATTORNEY'S FEES**

8.1.    Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & SPROVACH, 3518 Travis, Suite 200, Houston, Texas 77002 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 9. **PRAYER**

9.1.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause Plaintiff have the following relief:

9.1.1.    Declare Defendant's conduct in violation of Plaintiff's rights;

9.1.2.    Enjoin the Defendant from engaging in such conduct;

9.1.3.    Award Plaintiff actual damages;

9.1.4.    Order Defendant to pay Plaintiff back pay and front pay and benefits;

9.1.5.    Award Plaintiff compensatory damages for mental anguish;

9.1.6.    Award Plaintiff punitive damages to be determined by the trier of fact;

9.1.7.    Award Plaintiff liquidated damages.

9.1.8.    Grant Plaintiff pre-judgment and post-judgment interest;

9.1.9.    Order Defendant to pay Plaintiff's costs and attorney's fees in this action; and,

9.1.10.   Order and grant such other relief as is proper and just.

Respectfully submitted,

**/s/ *Gregg M. Rosenberg***

Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
gregg@rosenberglaw.com
ROSENBERG | SPROVACH
3518 Travis, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG | SPROVACH                    ATTORNEYS FOR PLAINTIFF

5